# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# BOWLING GREEN DIVISION
# CASE NO. 1:09-CV-00074-R

**NEIL LUTTRELL**  PLAINTIFF

**v.**

**TAMKO BUILDING PRODUCTS, INC.**  DEFENDANT

## MEMORANDUM OPINION & ORDER

This matter comes before the Court upon Plaintiff's Motion for Class Certification (DN 13). Defendant has responded (DN 15), and Plaintiff has replied (DN 16). This matter is now ripe for adjudication For the reasons that follow, Plaintiff's Motion is DENIED.

## BACKGROUND

Plaintiff, Neill Luttrell, claims property damage as the result of allegedly defective roof shingles manufactured by the Defendant, TAMKO Building Products, Inc. ("TAMKO"). In 2006, Luttrell hired Thomas Sayers, a local contractor, to build a house in Liberty, Kentucky. Luttrell also hired Don Freeman, another local contractor, to install the roof using TAMKO's Heritage laminated asphalt shingles. Luttrell purchased the shingles himself directly from a local building supply company.

In January 2007, some shingles blew off of Luttrell's roof in high winds and were subsequently repaired. In June and July 2007, more shingles blew off of the roof and were also repaired. Dave Dodson, a TAMKO representative, visited Luttrell's property in July 2007 to inspect the shingles and obtain a shingle sample for testing. In August, Dodson informed Luttrell that TAMKO had tested the shingles, that the adhesive had functioned properly, and that the shingles had been improperly installed. TAMKO shingles must be nailed through the "common bond area" to avoid shingles blowing off a roof in high winds. Dodson informed

Luttrell that his shingles had been nailed above the common bond area. Sayers had also told Luttrell that the shingles had been installed improperly by Freeman.

In July 2008, Luttrell filed suit against TAMKO in state court. A month later, Luttrell hired Johnny Denny, a local roofing contractor, to replace the roof. Luttrell disposed of all of his TAMKO shingles without notifying TAMKO. Luttrell contends that the glue used to seal TAMKO's shingles is defective, allowing wind to rise up under the shingles and blow them off. He bases this assertion on the opinions of Sayers and Denny.

TAMKO removed the instant action to this Court on June 2, 2009. During an initial scheduling conference with the Court on July 15, 2009, Plaintiff's counsel informed the Court that Luttrell would be filing a motion for class certification. The Court gave Luttrell forty-five days to do so, but he did not file a timely motion. Instead, he filed a motion for enlargement of time (DN 12), as well as the current Motion for Class Certification, on September 25, 2009. The Court granted the motion for enlargement of time and now considers the Motion for Class Certification. Luttrell seeks to certify a class defined as follows:

> All people within the Commonwealth of Kentucky, who have bought Tamko shingles and who have experienced problems with said shingles in the past 20 years due to defective design, engineering and manufacturing of said shingles.

TAMKO opposes class certification, arguing that Luttrell's proposed class does not meet the requirements set forth by Federal Rules of Civil Procedure 23(a) and 23(b)(3).

**STANDARD**

A district court has broad discretion in certifying a class action, but "it must exercise that discretion within the framework of Rule 23." *Coleman v. General Motors Acceptance Corp.*, 296 F.3d 443, 446 (6th Cir. 2002). "The party seeking the class certification bears the burden of

proof." *In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1079 (6th Cir. 1996). First, the moving party must "satisfy Rule 23(a)'s requirements of numerosity, commonality, typicality, and adequacy of representation." *Coleman*, 296 F.3d at 446; *see* Fed. R. Civ. P. 23(a). The district court must conduct "a rigorous analysis" to ensure that "the prerequisites of Rule 23(a) have been satisfied." *Gen. Tel. Co. v. Falcon*, 457 U.S. 147, 161 (1982); *see also Ball v. Union Carbide Corp.*, 385 F.3d 713, 727 (6th Cir. 2004); *In re Am. Med. Sys.*, 75 F.3d at 1078-79. A court may not certify a class that fails to satisfy all four prerequisites. *Ball*, 385 F.3d at 727. Second, in addition to satisfying 23(a)'s prerequisites, the moving party "must demonstrate that the class fits under one of the three subdivisions of Rule 23(b)." *Coleman*, 296 F.3d at 446; Fed. R. Civ. P. 23(b); *see also Ball*, 385 F.3d at 727; *Sprague v. Gen. Motors Corp.*, 133 F.3d 388, 397 (6th Cir.1998) (en banc).

## DISCUSSION

"[A]n essential prerequisite of an action under Rule 23 is that there must be a 'class.'" 7A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1760 (3d. ed.). "[T]he requirement that there be a class will not be deemed satisfied unless the class description is sufficiently definite so that it is administratively feasible for the court to determine whether a particular individual is a member." *Id.* "[T]he class must not be defined so broadly that it encompasses individuals who have little connection with the claim being litigated;" nor can it "be too amorphous." *Id.* "The definition must be precise, objective, and presently ascertainable." Manual for Complex Litigation (Fourth) § 21.222.

The Court finds that Luttrell's proposed class is too broad and imprecise to enable the Court to adequately conduct the analysis required by Rule 23. For example, the phrase "have

experienced problems" encompasses far more than the specific "problem" experienced by Luttrell. At the same time, the definition fails to specify what problem Luttrell experienced. Additionally, the 20-year timeframe would create a class comprised of many people whose claims would be barred by applicable statutes of limitations. Analyzing Rule 23(a)'s prerequisites also illustrates the inadequacy of Luttrell's proposed class.

To certify a class, Luttrell must first demonstrate that Rule 23(a)'s prerequisites are satisfied. *See In re Am. Med. Sys.*, 75 F.3d at 1079. Rule 23(a) provides as follows:

> One or more members of a class may sue or be sued as representative parties on behalf of all members only if:
> (1) the class is so numerous that joinder of all members is impracticable;
> (2) there are questions of law or fact common to the class;
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a); *Olden v. LaFarge*, 383 F.3d 495, 507 (6th Cir. 2004).

### 1. Numerosity

"There is no strict numerical test for determining impracticability of joinder." *In re Am. Med. Sys.*, 75 F.3d at 1079 (finding uncontested class estimate of over 150,000 satisfied numerosity requirement); *see also Golden v. City of Columbus*, 404 F.3d 950, 965 (6th Cir. 2005) (affirming district court's determination that proposed class was too speculative to satisfy burden of proving numerosity); *Bacon v. Honda of America Mfg, Inc.*, 370 F.3d 565, 570 (6th Cir. 2004) (finding proposed class of 800 current and former employees well beyond point in which joinder would be feasible). "Rather, '[t]he numerosity requirement requires examination of the specific facts of each case and imposes no absolute limitations.'" *In re Am. Med. Sys.*, 75

F.3d at 1079 (quoting *Gen. Tel. Co. v. EEOC*, 446 U.S. 318, 330 (1980)); *see also Golden*, 404 F.3d at 965; *Bacon*, 370 F.3d at 570. "However, sheer number of potential litigants in a class, especially if it is more than several hundred, can be the only factor needed to satisfy Rule 23(a)(1)." *Bacon*, 370 F.3d at 570; *see also In re Am. Med. Sys.*, 75 F.3d at 1079. "[W]hile 'the exact number of class members need not be pleaded or proved, impracticability of joinder must be positively shown, and cannot be speculative.'" *Golden*, 404 F.3d at 965-66 (citation omitted).

Here, Luttrell's assertion that the numerosity requirement of Rule 23 is met is entirely speculative. He does not offer any evidence of the amount of people in Kentucky who may have "experienced problems" with TAMKO shingles. In fact, he does not provide evidence of a single other person who falls within the class description. All he says is that "TAMKO has sold shingles to several homeowners in Kentucky" and although he "does not know how many homeowners have been affected" he "believes the number to be great." He has not shown that it would be impracticable to join all potential parties. He has done nothing more than make a conclusory and speculative statement about the number of potential class members. In short, he has failed to satisfy the numerosity requirement.

### 2. Commonality

The second Rule 23(a) prerequisite for class certification is that "there are questions of law or fact common to the class." Fed.R.Civ.P. 23(a)(2). Though "there need only be one question common to the class," not every common question will suffice for certification purposes. *Sprague*, 133 F.3d at 397. The resolution of the common question must "advance the litigation." *Id.*

Luttrell argues that "shingles not staying affixed to a house is the common fact," but that

is not how the class is defined. The class encompasses all people in Kentucky who have "experienced problems" with TAMKO shingles in the past twenty years. While Luttrell only needs to show the existence of a single common issue to satisfy the commonality requirement, he has not done so. He has not provided evidence of any other person who experienced the same problem that he did, and there is no evidence that all members of the potential class would have a shared problem. By defining the class so broadly, the commonality requirement cannot be satisfied.

### 3. Typicality

Rule 23(a)(3) requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." This typicality prerequisite "determines whether a sufficient relationship exists between the injury to the named plaintiff and the conduct affecting the class, so that the court may properly attribute a collective nature to the challenged conduct." *Sprague*, 133 F.3d at 399 (citing *Am. Med. Sys.*, 75 F.3d at 1082). "A claim is typical if 'it arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and if his or her claims are based on the same legal theory.'" *Beattie v. CenturyTel, Inc.*, 511 F.3d 554, 561 (6th Cir. 2007) (quoting *Am. Med. Sys.*, 75 F.3d at 1082). "[F]or the district court to conclude that the typicality requirement is satisfied, 'a representative's claim need not always involve the same facts or law, provided there is a common element of fact or law.'" *Id.* (quoting *Senter v. Gen. Motors Corp.*, 532 F.2d 511, 525 n.31 (6th Cir. 1976)). On the other hand, a claim, if proven, is not typical if it would only prove the named plaintiff's claim. *See Sprague*, 133 F.3d at 399.

Luttrell contends that because "all members of the class would be purchasers and victims

of Tamko's shingles" the typicality requirement is fulfilled. The Court finds, however, that Luttrell has not shown that his claim would be typical of the claims of the class. Again, by defining the class as those who "experienced problems" Luttrell cannot show that his problem is typical of others who experienced problems. Further, TAMKO has presented evidence that Luttrell's claim would likely be atypical of other purported class members because the cause of any problems he experiences was due to improper installation of the shingles, not a design or manufacturing defect. Additionally, Luttrell's claim is atypical because he destroyed all of his shingles after commencing litigation.

### 4. Adequacy

The final prerequisite Plaintiff must satisfy is that "the representative parties will fairly and adequately protect the interests of the class." Rule 23(a)(4). The Sixth Circuit has held that "[t]here are two criteria for determining whether the representation of the class will be adequate: 1) The representative must have common interests with unnamed members of the class, and 2) it must appear that the representatives will vigorously prosecute the interests of the class through qualified counsel." *Senter*, 532 F.2d at 524-25.

TAMKO argues that Luttrell would not be able to vigorously prosecute the interests of the class through qualified counsel. The Court notes that (1) Plaintiff's counsel failed to take any discovery in the underlying state court action, which was removed a month before trial, (2) Plaintiff's counsel filed the present Motion for Class Certification a month late, and (3) the Motion has no merit. The Court does not question the competency of Plaintiff's counsel, but there is nothing in the record other than a conclusory statement to demonstrate to the Court that counsel has experience in class action litigation. In summary, the adequacy consideration needs

further development.

## CONCLUSION

In conclusion, the Court finds that Luttrell has failed to satisfy all four prerequisites of Rule 23(a). The Court therefore does not need to analyze whether the proposed class satisfies the requirements of Rule 23(b)(3). *See Ball*, 385 F.3d at 727; Fed. R. Civ. P. 23(b) (stating that a class action may only be maintained if Rule 23(a) is satisfied).

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's Motion for Class Certification (DN 13) is DENIED.