UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CASE NO. 1:09-CV-00074-R

NEIL LUTTRELL                                                                                          PLAINTIFF

v.

TAMKO BUILDING PRODUCTS, INC.                                                          DEFENDANT

**MEMORANDUM OPINION**

This matter comes before the Court upon Defendant's Motion for Summary Judgment (DN 25). Plaintiff has responded (DN 26), and Defendant has replied (DN 27). This matter is now ripe for adjudication. For the reasons that follow, Defendant's Motion is GRANTED.

**BACKGROUND**

Plaintiff Neill Luttrell brings two cause of action against Defendant, TAMKO Building Products, Inc. ("TAMKO"): a claim of strict liability for defective design and a claim of negligent design. Luttrell claims property damage as the result of allegedly defective roof shingles manufactured by TAMKO. In 2006, Luttrell hired Thomas Sayers, a local contractor, to build a house in Liberty, Kentucky. Luttrell also hired Don Freeman, another local contractor, to install the roof using TAMKO's Heritage laminated asphalt shingles. Luttrell purchased the shingles himself directly from a local building supply company.

In January 2007, some shingles blew off of Luttrell's roof in high winds and were subsequently repaired. In June and July 2007, more shingles blew off of the roof and were also repaired. Dave Dodson, a TAMKO representative, visited Luttrell's property in July 2007 to inspect the shingles and obtain a shingle sample for testing. In August, Dodson informed Luttrell that TAMKO had tested the shingles, that the adhesive had functioned properly, and that the shingles had been improperly installed. TAMKO shingles must be nailed through the

"common bond area" to avoid shingles blowing off a roof in high winds. Dodson informed Luttrell that his shingles had been nailed above the common bond area. Sayers had also told Luttrell that the shingles had been installed improperly by Freeman.

In July 2008, Luttrell filed suit against TAMKO in state court. A month later, Luttrell hired Johnny Denny, a local roofing contractor, to replace the roof. Luttrell disposed of all of his TAMKO shingles without notifying TAMKO. Luttrell contends that the glue used to seal TAMKO's shingles is defective, allowing wind to rise up under the shingles and blow them off. He bases this assertion on the opinions of Sayers and Denny.

After removal of the instant action to this Court, Luttrell initially attempted to certify a class action suit on behalf of all individuals in Kentucky who experienced similar problems with TAMKO's shingles. This Court denied that request. TAMKO now moves for summary judgment on two bases. First, TAMKO alleges that Luttrell has not produced a qualified expert that will testify to the alleged defect in the shingles, a requirement in products liability actions under Kentucky law. Second, TAMKO argues that Luttrell has produced no evidence that the alleged defect in the shingles caused him damage. In response to these arguments, Luttrell claims that the expert testimony of Johnny Denny is sufficient to show TAMKO's shingles were defective and that sufficient evidence has been offered to show a genuine issue of material fact.

## STANDARD

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether summary judgment is appropriate, a court must resolve all ambiguities and

draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. J. C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The test is whether the party bearing the burden of proof has presented a jury question as to each element in the case. *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996). The plaintiff must present more than a mere scintilla of evidence in support of his position; the plaintiff must present evidence on which the trier of fact could reasonably find for the plaintiff. *See id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). Mere speculation will not suffice to defeat a motion for summary judgment: "the mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Monette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996).

Finally, while Kentucky state law is applicable to this case pursuant to *Erie Railroad v. Tompkins*, 304 U.S. 64 (1938), a federal court in a diversity action applies the standards of Fed. R. Civ. P. 56, not "Kentucky's summary judgment standard as expressed in *Steelvest, Inc. v. Scansteel Serv. Ctr., Inc.*, 807 S.W.2d 476 (Ky. 1991)." *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 165 (6th Cir. 1993).

## DISCUSSION

**I. As Luttrell has not offered admissible expert testimony to support his strict liability claims, TAMKO's Motion for Summary Judgment is appropriate**.

Where jurisdiction is exercised on diversity of parties, the substantive law of Kentucky

3

governs the dispute. *See Rutherford v. Columbia Gas*, 575 F.3d 616, 623 (6th Cir. 2009). Kentucky law allows for strict liability actions against a manufacturer for a defective product as a result of a design defect, manufacturing defects, or for failure to warn. *Clark v. Hauck Mfg. Co.*, 910 S.W.2d 247, 250 (Ky. 1995). The plaintiff must prove that the product is defective. *Morales v. American Honda Motor Co.*, 71 F.3d 531, 537 (6th Cir. 1995) (citing *Huffman v. SS. Mary & Elizabeth Hosp.*, 475 S.W.2d 631, 633 (Ky. 1972)). Kentucky law requires that "for a proper understanding of that which requires scientific or specialized knowledge and which cannot be determined intelligently from testimony on the basis of ordinary knowledge gained in the ordinary affairs of life, expert testimony is needed." *Commonwealth, Dept. of Highways v. Robbins*, 421 S.W.2d 820, 824 (Ky. 1967); *see Perock v. Medi-Tech, Inc.*, No. 08-38-HRW, 2009 WL 982563, at *2 (E.D. Ky. April 10, 2009) (applying Kentucky law).

To succeed on the products liability cause of action that would result in finding TAMKO strictly liable, both parties admit that expert testimony will be necessary to demonstrate that the shingles were defectively designed. TAMKO first argues however that Luttrell has not disclosed his list of expert witnesses in accordance with this Court's scheduling order.[1] Rule 26 requires that a party disclose all experts who will testify in accordance with the pretrial schedule of the court. Fed. R. Civ. P. 26(a)(2)(A)-(D). For failure to abide by the pre-trial schedule, "the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or harmless." Fed. R. Civ. P. 37(c)(1). In his response to this

---

[1] The Amended Scheduling Order required Luttrell to disclose all experts in compliance with Rule 26(a)(2) by May 1, 2010. Motions regarding the admissibility of expert witnesses under Fed. R. Evid. 702 and *Daubert* were due by September 1, 2010. *Id.* Absent his response the TAMKO's Motion for Summary Judgment, Luttrell has not named any testifying or non-testifying experts upon which he is relying.

4

motion, Luttrell provides no reason why his non-disclosure of an expert witnesses was harmless or substantially justified. Instead he argues that Johnny Denny is a qualified expert in the roofing industry and his testimony should suffice in overcoming TAMKO's motion.

Although Luttrell did not comport with this Court's scheduling orders, Luttrell's failure to disclose Denny in a timely fashion was harmless. TAMKO was able to depose Denny, during which TAMKO questioned him about the basis of any opinions he had regarding the shingles used on Luttrell's house. Given this, Luttrell's tardy disclosure of Denny as a testifying expert did not substantially prejudice TAMKO in its defense of this claim.

Nevertheless, the evidence before this Court indicates that Denny is unqualified to offer expert testimony that TAMKO's shingles are defectively designed. Qualified experts are afforded the opportunity to offer opinion testimony as evidence where the court qualifies them as experts by "knowledge, skill, experience, training, or education." Fed. R. Evid. 702. The review of an expert witness' qualifications to testify is a preliminary factual determination for the district court. *Kingsley Associates, Inc. v. Del-Met, Inc.*, 918 F.2d 1277, 1286 (6th Cir. 1990). A trial court also "has broad discretion in the matter of the admission or exclusion of expert evidence." *United States v. Kalymon*, 541 F.3d 624, 636 (6th Cir. 2008) (quoting *United States v. Demjanjuk*, 367 F.3d 623, 633 (6th Cir. 2004)). The decision to allow expert testimony under Rule 702 has been "broadly interpreted on the basis of whether the use of expert testimony will assist the trier of fact." *Id.* This circuit has held "[t]he issue with regard to expert testimony is not the qualification of a witness in the abstract, but whether those qualifications provide a foundation for a witness to answer a specific question." *Berry v. City of Detroit*, 25 F.3d 1343, 1351 (6th Cir. 1994).

In discussing his experience with the adhesive on TAMKO shingles, Denny testified in his deposition as follows:

> Question: Do you know what kind of glue TAMKO shingles use?
> Denny's Answer: No, I don't.
> Q: Do you know how much [glue] they use?
> A: No.
> ...
> Q: Okay. But you haven't done testing on the glue yourself?
> A: No.

DN 26-1 at 11. When questioned about his overall experience with TAMKO shingles, Denny testified as follows:

> Question: Have you ever used TAMKO shingles?
> Denny's Answer: I used them probably 20 to 25 years ago.
> ...
> Q: Do you know, are there any difference in the design of TAMKO shingles now, as opposed to when you used to use them 20 or 25 years ago?
> A: They still look the same.
> Q: Do you know if there are any difference in the manner of installing them?
> A: I wouldn't think so.
> Q: Do you know if there are any differences in the amount of glue or the type of glue or anything like that?
> A: The ones we used [a] couple years ago look about the same as they did a long time ago.

DN 26-1 at 7, 13.

Luttrell is seeking to introduce Denny as a non-scientific expert to testify that the poor adhesive on the shingles render them defective. Non-scientific expert testimony is proper where a proper evidentiary foundation demonstrates that the expert has experience derived from firsthand observation of the subject matter. *Berry*, 25 F.3d at 1350. Though Denny undoubtedly has experience generally as a roofer and could testify about the specifics of that trade, his deposition testimony belies the argument that he is an expert who could offer helpful testimony about the adhesive on TAMKO's shingles. Denny does not know what type or how much

6

adhesive TAMKO uses and has not tested or thoroughly examined the adhesive. Nor has Denny completed any educational courses on adhesives and the bonding properties of adhesives used in the roofing industry. Additionally, from his testimony, the basis of Denny's conclusion that the shingles are defective seems to be that he considers shingles made by other companies to have superior adhesive. Even supposing that this were true, that does not make TAMKO's shingles defective; it simply makes them inferior to other brands of shingles.

Courts have generally allowed expert opinions on the basis of experience only when the testifying expert can show lengthy exposure to the subject matter about which the expert is testifying. *See Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 293-94 (6th Cir. 2007) (expert testimony on threat assessment admissible where witness had 28 years of experience with police department and had managed violent situations); *Correa v. Cruisers, A Div. of KCS Intern., Inc.*, 298 F.3d 13, 26 (1st Cir. 2002) (expert testimony admissible where expert had 20 years of repairing marine fuel injection engines). While Denny has lengthy experience in the roofing industry, Denny has not worked consistently with TAMKO's products for over twenty years. Moreover, Denny has not taken the time to educate himself, whether it be through industry literature or independent testing, on the changes in TAMKO products over that time period. Luttrell has also failed to offer any evidence that the developments in TAMKO's products have been static over the past two decades. Since Denny may offer an expert opinion premised solely on his observation of the subject matter, *see Berry*, 25 F.3d at 1350, the expert opinion that Denny proposes to offer would be necessarily predicated on stale and therefore unreliable evidence. Such testimony would not be helpful to the jury in deciding this case.

As no expert testimony has been offered to support Luttrell's claim that TAMKO is

7

strictly liable for the shingle's defective design, summary judgment is appropriate for this claim.

**II. Luttrell has offered no evidence to demonstrate that TAMKO's shingles were negligently designed.**

Luttrell also asserts a claim that TAMKO negligently designed, manufactured, and constructed its shingles. As evidence to support this claim, Luttrell offers his own testimony as well as the testimony of Thomas Sayers and Johnny Denny. An examination of their depositions demonstrate however that this claim by Luttrell is unsupported by the present evidence. While Luttrell says in his deposition that there are problems with the adhesive, he admits that he is not an expert on roofing or the adhesive qualities of shingles. He further states that the basis of his opinions are founded primarily upon statements made by Sayers and Denny. Luttrell also offers that workers hired to repair his roof and the TAMKO official who came to his house indicated to him that the shingles had been improperly installed by Freeman. Sayers' and Denny's testimony do not offer a genuine issue of material fact either. Sayers admits several times he has no opinion on whether TAMKO shingles are defective or negligently designed. While Denny claims the shingles' adhesive is inadequate, such testimony is not sufficient to show that they were negligently designed or even that the negligent design caused Luttrell any damage.

As stated above, mere speculation will not defeat a motion for summary judgment. *Monette*, 90 F.3d at 1177. Since, Luttrell has not put forward more than a mere scintilla of evidence to support his claim of negligence, this motion for summary judgment is proper.

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment (DN 25) is GRANTED. An appropriate order shall issue.